UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **BRUNSWICK BOWLING AND BILLIARDS CORPORATION,** § § § | **CASE NO.:** |
| Plaintiff, § § § | 3:04CV 514RM |
| v. § § | |
| **VIA BOWLING PRODUCTS, LLC and SHANGHAI ZHONGLU INDUSTRIAL CO., LTD.,** § § § § § | |
| Defendants. § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff Brunswick Bowling and Billiards Corporation ("Brunswick") files this Complaint and Jury Demand against Defendants VIA Bowling Products, LLC ("VIA") and Shanghai Zhonglu Industrial Co., Ltd. ("Zhonglu") (collectively, "Defendants"), upon personal knowledge as to their own actions and upon information and belief as to all other matters.

### I.

### PRELIMINARY STATEMENT

For well over a century Brunswick has been the worldwide leader in the bowling equipment and supply industry. In order to achieve this position, Brunswick has constantly expended considerable resources to develop the finest and most innovative products available and to provide unparalleled services to its customers. As a result, the Brunswick name has become synonymous worldwide with quality, integrity, and customer satisfaction.

Unable to compete with Brunswick fairly in the marketplace, Defendants have instead chosen to copy Brunswick's products and infringe its patent by selling those products as their

own in the United States and elsewhere. Accordingly, Brunswick brings this action to enjoin Defendants from continuing to infringe on Brunswick's patent and to punish it for the piracy of Brunswick's technology. Defendants' wrongful conduct has caused and will continue to cause significant confusion as to the ownership rights of these products, will serve to erode Brunswick's reputation in the marketplace, and will continue to cause Brunswick significant monetary harm.

## II.

## PARTIES

**A.  Plaintiff**

1. Plaintiff Brunswick Bowling and Billiards Corporation ("Brunswick") is a Delaware corporation with its principal place of business located in Lake Forest, Illinois. Brunswick is the leading manufacturer and designer of bowling equipment and supplies in the world. Brunswick is also the owner of United States Patent Number Re. 35,778.

**B.  Defendants**

2. Defendant VIA Bowling Products, LLC is a Nevada limited liability company with its principal place at 3790 El Camino Real, Palo Alto, California 94306.

3. Defendant Shanghai Zhonglu Industrial Co., Ltd. ("Zhonglu") is a Chinese corporation with its principal place of business located in Shanghai, the People's Republic of China.

## III.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action based on 28 U.S.C. §§ 1331 and 1338 (a) and (b).

5. Based on 28 U.S.C. §§ 1391 and 1400, venue is proper in this district because all or a substantial part of Plaintiff's causes of action accrued and/or arose in this district and because Defendants are subject to personal jurisdiction in this district.

6. The Court has personal jurisdiction over Defendants because, *inter alia*, Defendants have committed one or more torts in Indiana, have purposefully directed tortious activity toward Indiana that has caused harm in Indiana, and have conducted business in Indiana, as set forth more fully herein.

## IV.
## FACTUAL BACKGROUND

A. **Brunswick – A Classic American Story Of Success**

7. Founded in 1845, by John Moses Brunswick in Cincinnati, Ohio, Brunswick has a long history of producing quality entertainment products, including bowling and billiards products. FORTUNE SMALL BUSINESS MAGAZINE described Brunswick as "the company that gave Americans Play."

8. Although Brunswick spent most of the 1800s revolutionizing the billiards industry, beginning in 1890 the company added bar fixtures, bowling lanes, bowling balls, and bowling pins to the company's stock-in-trade.

B. **Brunswick Revolutionizes Bowling.**

9. Since then, Brunswick has been a major force in the development of the sport of bowling. In 1895, the founder's son-in-law, Moses Bensinger, believing that the sport would benefit from standardized rules, was one of the founders of the group that organized the American Bowling Congress ("ABC").

10. Bensinger was also a leading advocate for the creation of the first ABC tournament in 1901. This tournament featured 41 five-man teams competing for approximately $1,200. The ABC has subsequently conducted over one hundred annual bowling tournaments.

11. Brunswick was also a force in improving the historical image of bowling centers. Beginning in the 1940s, Brunswick began a successful campaign to make the sport a popular form of family entertainment.

C. **Brunswick: Industry Innovator**

12. During the 1940s and 1950s, Brunswick worked with the owners and operators of bowling centers to change the look and appearance of their facilities to better appeal to their customer base. Specifically, Brunswick encouraged operators to install chairs to replace wooden benches, streamline lanes, and add color to create cheerful settings.

13. Brunswick also convinced owners to construct recreation centers and to provide additional amenities for their expanding base of family customers. Thus, Brunswick was in the vanguard of converting bowling centers into "'the people's country clubs,' which included everything from children's daycare to swimming pools."

14. To further these expansion efforts, Brunswick offered financial aid to owners of bowling centers to update their lanes and update their amenities for potential customers.

D. **Brunswick's Efforts: The Spring-Board For Industry Growth**

15. Throughout the twentieth century, Brunswick has been both the innovator and trend-setter in the bowling industry. In fact, in the mid-1950s, Brunswick surpassed its rival American Machine & Foundry ("AMF") to become the leading supplier of automatic pin-setting machines and thus earned the crown "King of Bowling."

16. Brunswick's efforts paid off. Revenues increased from $33 million in 1954 to $422 million in 1961, cementing Brunswick as not only the premier bowling equipment supplier

in the world, but a major player in the leisure sports market. By 2002, the parent company, Brunswick Corporation, had total revenues of $3.7 billion.

17.   Over the years, Brunswick Corporation moved into other recreation fields. Thus, Brunswick Corporation acquired product lines such as MacGregor Sporting Goods, Zebco fishing reels, and Mercury outboard motors.

18.   Today, Brunswick Corporation is the world's largest recreation company, offering its customers superb equipment and supplies in the billiards, boating, fitness, and bowling industries. In fact, Brunswick manufactures capital equipment which includes bowling lanes, automatic pinsetters, ball returns, and furniture units. Brunswick also sells computerized bowling-scoring equipment, which is manufactured to Brunswick's detailed specifications. Brunswick also operates family bowling centers in the United States, Canada, and Europe.

19.   Along with each of the successes in each of these industries, the value of the Brunswick brand has grown as well. Thus, Brunswick has cultivated a reputation for providing quality products, including bowling equipment and supplies.

E.   **Defendants' Infringement Of Brunswick's Patent**

    1.   **Brunswick's innovative technology**

20.   As an innovator in the bowling and indoor recreation markets, Brunswick holds many patents related to bowling technology. Specifically, Brunswick obtained patents on pin-setting machines, ball return machines, scoring machines, bowling furniture, bowling balls, bowling lane systems, and numerous related items. Brunswick has spent many millions of dollars to develop and protect these products.

        a.   **Brunswick develops a system for constructing bowling lanes.**

21.   Brunswick developed a bowling lane product that features the use of a homogeneous laminate sheet which has a print layer to simulate the appearance of a wood

bowling lane. The wood-looking laminate sheet can be secured to a base structure using a plurality of fasteners that extend through the sheet and can be hidden to the user. The system effectively extends the life of bowling lanes.

22. Brunswick sought a patent on its superior lane technology.

b. **Brunswick obtains a patent on its bowling lane system.**

23. United States Patent Number Re. 35,778 ("the '778 patent") issued on April 28, 1998. The inventors listed on the '778 patent are Michael F. Stirling, Michael G. Gautraud, and William C. Murphy. Brunswick is the assignee of the '778 patent.

24. The '778 patent is directed to a system for defining a bowling lane surface. The system includes a wood-looking laminate sheet having fasteners that extend through the sheet and can be hidden from the user.

c. **Defendants enter the bowling business.**

25. In 1995, Chen Rong, an independent financier from the People's Republic of China, caused defendant Zhonglu to enter into the bowling supply business. Zhonglu later formed defendant VIA on or about January 14, 2002, to distribute Zhonglu-manufactured bowling supplies worldwide, including in the United States. Zhonglu manufactures bowling supplies and provides them to VIA knowing that they will enter the stream of commerce in the United States and be sold and installed in Indiana and other states.

26. According to its website, VIA offers products for sale at prices which it contends "no one in the industry can beat." The products include pinsetters, ball returns, scoring systems, bowling lanes, seating systems, and replacement parts. In fact, VIA advertises "Brunswick Pinsetter Replacement Parts" at a 30% discount under competitors' prices.

27. VIA can offer such products at prices below its competitors for a simple reason it has not had the same research and development costs as its competitors because its products

were developed by misappropriation of the intellectual property of others such as Brunswick. Defendants are infringing Brunswick's patent with the products sold and used in the United States.

28. In fact, Defendants are selling products within the United States which are the subject of the '778 patent.

### 2. VIA's products infringe Brunswick's bowling lane system.

29. At least one bowling lane system offered for sale on VIA's website infringes Brunswick's patent. Indeed, such bowling lane systems have been sold by VIA in the United States. Brunswick has information that at least one infringing installation is located within the Northern District of Indiana.

30. Defendants are actively engaged in selling infringing products within the United States which infringe at least one claim of the '778 patent.

31. Defendant VIA received actual notice of its infringement of the '778 patent at least as early as June 17, 2004.

32. Furthermore, the infringing products are advertised on VIA's website, http://www.viabowling.com.

33. Not only does Defendant's website offer the product information, but it also quotes the customer a price on bowling lane systems which include Brunswick's patented products.

### 3. Brunswick has been harmed by Defendants' continued infringement.

34. Brunswick has already suffered substantial damages based on Defendants' infringement of its valuable patents for its bowling lane system. For example, Defendants' infringement has caused Brunswick to lose sales.

35. Defendants' infringement has also damaged Brunswick's reputation and goodwill as a leading source of technological advancements in the bowling industry. The perception of Brunswick in the marketplace as a source of innovative bowling equipment is eroded when unauthorized infringers are permitted to steal, and profit from the theft of, Brunswick's intellectual property rights. Defendants' unauthorized use of Brunswick's patents, therefore, threatens the continued value of this intellectual property.

36. Unless and until Defendants' continued acts of infringement are enjoined, Brunswick will suffer irreparable harm for which there is no adequate remedy at law.

## V.

## CLAIMS FOR RELIEF

A. **Count One: Patent Infringement – United States Patent Number Re. 35,778 - Violation of 35 U.S.C. § 271**

37. Brunswick repeats the preceding paragraphs.

38. Brunswick owns United States Patent Number Re. 35,778, including the right to sue for infringement.

39. Defendants are directly infringing, inducing infringement by others, and/or contributorily infringing at least one claim of United States Patent Number Re. 35,778 by making, using, offering to sell, or selling in the United States, or importing into the United States, products that infringe at least one claim of United States Patent Number Re. 35,778.

40. Brunswick has been damaged by Defendants' infringement and will suffer irreparable injury unless the Court enjoins Defendants from continuing their wrongful conduct.

41. Brunswick seeks an award of damages in an amount to be determined by the trier of fact.

42. Brunswick also requests the Court to enjoin Defendants from continuing to infringe their patent.

## VI.

## JURY DEMAND

43. Brunswick hereby requests a jury trial on all issues and claims.

## VII.

## REQUEST FOR RELIEF

Plaintiff respectfully request that, upon final hearing, the Court enter judgment against Defendants, and award Plaintiff the following relief:

a. Temporary and permanent injunctive relief, both prohibitive and mandatory, enjoining Defendants, their agents, attorneys, successors and assigns, and all persons acting on their behalf or within their control, from making, using, selling, offering to sell, importing, otherwise engaging in acts of infringement of the aforementioned patents, and requiring the return to Brunswick of all infringing equipment, all documents, designs, and models, and returning plans and the like which contain, evidence or are based upon, in any way, Brunswick's patented technology;

b. Actual damages for infringement of Brunswick's patents;

c. Treble damages under 35 U.S.C. § 284;

d. Declaratory relief that this is an exceptional case under 35 U.S.C. § 285, justifying an award to Brunswick of its attorney fees, costs, and expenses;

e. Actual damages, including compensatory and consequential damages;

f. Reasonable attorneys' fees;

g. Prejudgment and postjudgment interest at the highest rates authorized by law;

h. Costs of court; and

i. All other appropriate relief.

Dated: August __4__, 2004

        Respectfully submitted,

        **BRINKS HOFER GILSON & LIONE**

        _/s/ signature_
        Attorneys for Plaintiff

        Lawrence A. Steward
        A. James Richardson
        One Indiana Square, Suite 1600
        Indianapolis, IN 46204
        Telephone: (312) 636-0886
        Fax: (312) 634-6701

        James R. Sobieraj
        Jason C. White
        Brinks Hofer Gilson & Lione
        NBC Tower - Suite 3600
        455 N. Cityfront Plaza Drive
        Chicago, IL 60611
        Telephone: (312) 321-4200
        Fax: (312) 321-4299

        **Of Counsel:**

        **BICKEL & BREWER**

        William A. Brewer III
        Michael J. Collins
        Daniel F. Perez
        4800 Bank One Center
        1717 Main Street
        Dallas, Texas 75201
        Telephone: (214) 653-4000
        Fax: (214) 653-1015